Labatjve, J.
On the 21st of July, 1860, the plaintiff, Mary Tournillon, assisted by her said husband, obtained an order of seizure and sale, against Julien Tournillon, directing the sheriff to seize and sell certain property of said Julien Tournillon, to satisfy the sum of §18,793 94, with interest at eight per cent, per annum, on §5,000, from the 1st of April, 1858, and on §13,793 94, from the 1st of April, 1859, subject to a credit of §1,000 paid on the 12th of June, 1860; and the further sum of $13,793 94, payable in all March, 1861, and bearing interest at eight per cent, per annum' from time due.
Julien Tournillon, the debtor, on the 26th of July, 1860, took a suspensive appeal to this Court, from said order of seizure and sale, and gave an appeal bond according to law for the sum of $36,000, with the defendant, William B. Ratliff, as his surety.
On the 31st January, 1861, the appeal was dismissed by this Court, by the following decree:
“On motion of J. II. Ilsley, Esq., of counsel for defendant and appellant in this case, and on filing the annexed consent of Mills <fc LeBlanc, Esqs., of counsel for plaintiffs and appellees, it is ordered that the appeal in this case be dismissed at the costs of the appellant.”
This agreement reads thus:
“It is hereby agreed that the transcript filed in this case be withdrawn as filed through error. ”
(Signed) “ John H. Ibseey, for appellant.”
(Signed) “Minns & LeBbanc, for appellees.”
This suit is now thought against the defendant as surety on said appeal • bond.
The petition alleges that the plaintiff obtained an order of seizure and sale; that said Julien Tournillon took a suspensive appeal, which was dismissed, the whole as above stated. The petition further states, that a writ of execution issued upon said judgment, and was returned unsatis! fled, as appears from the return of the sheriff, for the reason that said Tournillon, since said appeal, became insolvent, and made a surrender of his property, and it was accepted on the-1861, by the Court, for the benefit of his creditors, and a stay of proceedings was granted against his person and property. That the appeal bond is now forfeited, and petitioners entitled to claim payment from William B. Ratliff, the defendant and surety on said bond.
The petition concludes by praying accordingly for judgment against the defendant.
The answer contains a general denial, admits defendant’s signature to the said bond,'but denies specially that he was at any time legally bound *180 as surety on said bond; but if bound, then this obligation was conditional and never became absolute, because he has been released legally from all and every liability thereon.
He prays that the demand of the plaintiffs be rejected at their costs.
The District Court, after hearing the evidence, gave judgment for plaintiffs, and the defendant took this appeal.
The defendant urges two grounds of defence in this Court:
I. That the appeal bond, being for $85,000, only, was insufficient for a suspensive appeal, and did not suspend execution; and, therefore, defendant can only be held liable as if the. appeal asked for were a devolutive one.
II. That the appeal was withdrawn by the appellant, with and by the consent of the plaintiffs and appellees in that case, and the surety on the bond was released.
1, As to the first ground, it is clear that the appeal bond covered by' one half over the amount actually due, at the time the order of seizure and sale was granted, and suspended execution; the amount, not then actually due, could not be taken into consideration, its payment was suspended by the terms agreed upon without any bond.
2. The second ground, as to the dismissal of the appeal, presents more difficulty.
This ground involves a question of interpretation as to the agreement upon which the dismissal of the appeal is founded.
We are satisfied that the Court and the parties took this agreement as authorizing the dismissal of the appeal, and the Court acted accordingly; the parties are presumed to have been in Court, and to have acquiesced in the decree, they having made no objection, this agreement having been' executed in that manner, and acquiesced in by the parties, we presume’ that this was the intention of the parties. C. C. Art. 1951.
We now come to the question, whether or not, the dismissal of the appeal, with the consent of the appellee, discharged the surety on the appeal bond.
The condition of this appeal bond is as follows:
“Now, the condition of this obligation is such, that'if the said appellant shall prosecute his said appeal, and satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in his appeal, then this obligation to be null, void and of no effect, otherwise that the surety be liable in his stead.”
The question of liability of the surety upon the bond, must be tested ' under the dispositions of Art. 901, Code of Practice, reading thus:
“When the Supreme Court once has jurisdiction of an appeal, whether by transmission of the record, or by that of the service of the citation served on the appellee, it cannot, in any case, permit the appellant to withdraw his appeal without the consent of the appellee, and the cause shall take its course, whether the appellant make default or not.”
Now, it is a well-settled rule of law, that all laws governing certain contracts, make parts of such contracts. (12 M. 177; 12 An. 720.) Following that rule, it was impliedly understood and agreed between the parties to the bond of appeal, including the appellee, as a kind of proviso, that after *181 the Supreme Court had jurisdiction of the case, the appellant would not be bound to prosecute his appeal, and would be allowed to withdraw it, if he obtained the consent, to that effect, of the appellee; this having' been done accordingly, the appellant was not bound to prosecute his appeal, and he was released from that penal obligation by the appellee, who cannot now with good grace, say to the surety: Your principal has broken1 the condition of the bond by not prosecuting his appeal, and you must pay me the penalty. The surety can reply successfully: You have by your own act and consent, dispensed and relieved the principal obligor from that prosecution under the understanding in the bond.
We are of opinion that the defendant has been discharged as surety on the bond, by the act of the appellee.
It is therefore ordered and decreed, that the judgment appealed from be reversed and annulled. It is further ordered and decreed, that judgment be rendered in favor of - defendant and appellant, and that plaintiffs and appellees pay costs in both courts.'
Ibsbey, J., recused.
Rehearing refused.